**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL TREASURY EMPLOYEES UNION<br>800 K Street N.W., Suite 1000<br>Washington, D.C.  20001,<br><br>     Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE<br>U.S. DEPARTMENT OF TREASURY<br>1111 Constitution Avenue N.W.<br>Washington, D.C. 20224,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-02104-RBW |

**<u>NOTICE OF MATERIAL CHANGE IN POLICY AND PERMANENT WITHDRAWAL
OF THE MAY 29 DIRECTIVE ("MATERIALS BAN") THAT IS THE SUBJECT OF THE
AMENDED COMPLAINT</u>**

  In this case brought under the First Amendment, Plaintiff NTEU challenges the constitutionality of an IRS directive issued on May 29, 2026, which directed IRS Facilities Management & Security Services to "remove any and all NTEU materials you observe." *See* Amended Complaint ¶ 20 and Ex. 1 (ECF Nos. 23 and 23-1); *see also* Original Complaint ¶ 17 and Ex. 1 (ECF Nos. 1 and 1-1). In the Amended Complaint, NTEU refers to this May 29 directive as the "Materials Ban;" it is the subject of Counts I and II of the Amended Complaint (and was the subject of both counts of the Original Complaint).

  This directive was suspended by a Joint Stipulation of the parties on June 30, 2026 (ECF No. 18). Paragraph 4 of the Stipulation stated: "If the IRS reimplements the directive (in its initial form or in a revised form), the IRS will notify all employees, along with NTEU counsel and the Court, at least 5 days before the reimplemented policy becomes effective (e.g., if the reimplemented policy will become effective on July 20, the IRS will provide notice on or by July

15). NTEU will then promptly notify the Court if it intends to renew its motion for a preliminary injunction."[1]

**The IRS is permanently withdrawing the May 29 policy.** The IRS, in a Memorandum which it intends to publicize on August 4, 2026 ("August 4 Memorandum") and to begin enforcing in five days (i.e. beginning no earlier than Sunday, August 9), provides guidance for Facilities Management & Security Services based on content-neutral policy.

The August 4 Memorandum is included as an attachment to this Notice. The Memorandum states, in key part:

1. "FMSS retains exclusive authority over posting and displays of materials in common areas or on designated bulletin boards of IRS facilities, and will only authorize agency-sponsored materials, with the exception of non-agency materials mandated by law. Employees are not authorized to post written materials in IRS facilities."

2. "Nothing in this memorandum restricts employees from displaying personal items within their individually assigned workspaces, provided such displays are consistent with applicable IRS policies and do not conflict with the Standards of Ethical Conduct for Employees of the Executive Branch (5 CFR Part 2635); Equal Employment Opportunity and anti-harassment requirements; applicable Parts of the Internal Revenue Manual (IRM); and environmental health and safety considerations."

---

[1] In that Stipulation, the IRS agreed to pause the May 29 directive and NTEU agreed to hold its pending motion for preliminary injunction in abeyance. *See generally* ECF No. 18. It is the IRS's belief that that Stipulation became moot on July 16, when NTEU filed its Amended Complaint (ECF No. 23), thus mooting the pending motion for preliminary injunction. Furthermore, the IRS does not believe that the policy being articulated today ("August 4 Memorandum") is a "reimplement[ation]" of the May 29 directive. Nevertheless, out of an abundance of caution and as a show of good faith, the IRS submits this Notice.

It is the IRS' view that the August 4 Memorandum moots Counts I and II of the Amended Complaint by delivering the relief NTEU sought (withdrawal of the May 29 policy), while articulating a fair and content-neutral rule for IRS facilities that in no way burdens the First Amendment rights of any individual or organization.

Counsel for the IRS intends to confer with counsel for NTEU to discuss whether NTEU is open to voluntarily withdrawing those portions of their Complaint dealing with the now permanently withdrawn May 29 directive (referred to as the "Materials Ban" in the  Amended Complaint).

*     *     *

Dated: August 4, 2026                            Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
 (202) 252-7705
samuel.settle@usdoj.gov

*Attorneys for the United States of America*

3